UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-62047-FAM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ALAN HEIDE,

        Defendant.

_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ALAN HEIDE

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for a Judgment of Permanent Injunction and Other Relief Against Defendant Alan Heide ("Judgment"). By the attached Consent of Defendant Alan Heide to Judgment of Permanent Injunction and Other Relief ("Consent"), Heide has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. The Court finds good cause exists for entry of the Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

I.

### PERMANENT INJUNCTIVE RELIEF

A. **Section 17(a) of the Securities Act of 1933**

**IT IS ORDERED AND ADJUDGED** that Heide is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Heide's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Heide or with anyone described in (a).

    **B. <u>Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934</u>**

**IT IS FURTHER ORDERED AND ADJUDGED** that Heide is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails,

or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Heide's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Heide or with anyone described in (a).

## II.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that upon motion of the Commission, the Court may order a civil penalty against Heide. In connection with the Commission's motion for a civil penalty, and at any hearing held on such a motion: (i) Heide will be precluded from

arguing that he did not violate the federal securities laws as alleged in the Complaint; (ii) Heide may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Heide shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Heide in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

### V.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the

Amended Complaint are true and admitted by Heide, and further, any debt for a civil penalty or other amounts due by Heide under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Heide of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19 day of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record